

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**JESSICA CLAIRE ENGLE**
*Assistant Corporation Counsel*
Phone: (212) 356-0827
Fax: (212) 356-3509
Email: jengle@law.nyc.gov

March 18, 2021

**BY ECF**
Honorable Alvin K. Hellerstein
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

The Corp. Counsel is cautioned not to submit letter motions; I do not accept them. Motions should be filed under Federal and Local rules. The motion for an indefinite stay is denied. This case shall be stayed for approximately 30 days, until April 30, 2021 at 10:00 am. Counsel will attend the Initial Case Management Conference at that time, and tender a plan for discovery. By April 20, 2021, Corp.Counsel shall advise the individual defendants if it is able to act for them, or any of them. Such defendants, if not represented by Corp. Counsel, shall appear by their own attorneys, procured through their union or otherwise, or pro se.

So ordered,
/s/ Alvin K. Hellerstein
Alvin K. Hellerstein
3/19/21

Re:   <u>Tyreick Grey v. City of New York et al.</u>, 20 Civ. 10666 (AKH)

Your Honor:

      I am the attorney in the office of James E. Johnson, Corporation Counsel of the City of New York, assigned to the above referenced matter. For the reasons set forth below, defendant City of New York respectfully requests a stay of the present civil proceeding in its entirety until thirty (30) days after the resolution of a Department of Corrections ("DOC") investigation into the underlying allegations in this case. This is the first such request in this matter. Plaintiff consents to this request.

      By way of background, on January 17, 2021, plaintiff filed a Complaint in this matter against the City of New York, the New York City DOC, Cynthia Brann, Captain John Doe 1, Correction Officer John Doe 2, Timothy D. Farrell, Correction Officer FNU Martin, Correction Officer FNU McNeil, Correction Officer FNU Moorehead, Angel Villalona, and "Warden of George R. Vierno Center."[1]   *See* Civil Docket Sheet Entry No. 1. Plaintiff alleges, in sum and substance, that he was attacked and seriously injured on two separate occasions by inmates at Rikers Island, and that the individual defendants failed to protect him from these attacks. Plaintiff brings claims of negligence, negligent hiring, and failure to train and supervise pursuant to state law; claims of failure to train and supervise, failure to intervene, failure to protect, deprivation of due process, cruel and inhumane treatment, deliberate indifference to medical needs, and intentional infliction of emotional harm pursuant to 42 U.S.C. Section 1983; and a claim for municipal liability under *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978).

---

[1] Upon information and belief, and according to the Civil Docket Sheet, the individuals identified in the Complaint as "Correction Officer FNU Martin," "Correction Officer FNU McNeil," and "Correction Officer FNU Moorehead" have not been served. *See generally* Civil Docket Sheet.

During the course of this Office's investigation into the underlying matter, defendant City was informed by DOC that an investigation into the allegations which underlie this action is currently pending.  As this Court is aware, New York General Municipal Law ("GML") Section 50-k obliges the Corporation Counsel to reach a conclusion as to whether an employee acted within the scope of his employment at the time of the underlying incident before assuming that employee's representation.  *See* N.Y. Gen. Mun. L. §50-k.  Specifically, this Office must determine whether the individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred."  N.Y. Gen. Mun. L. §50-k(2).  When "the act or omission upon which the court proceeding against the employee is based was or is also the basis of a disciplinary proceeding by the employee's agency against the employee, representation by the corporation counsel and indemnification by the city may be withheld (a) until such disciplinary proceeding has been resolved and (b) unless the resolution of the disciplinary proceeding exonerated the employee as to such act or omission."  N.Y. Gen. Mun. L. §50-k(5).

When such a disciplinary proceeding or investigation is pending, this Office's ability to speak with the subjects of that investigation is limited.  This policy is intended to safeguard against a conflict of interest that may arise between the individuals being investigated and the City of New York, as "where the City maintains misconduct has occurred and the employee claims no misconduct was involved, the Corporation Counsel, whose primary function is to represent the City, cannot represent the individuals."  *Mercurio v. New York*, 758 F.2d 862, 864 (2d Cir. 1985).  As such, this Office cannot speak with any of the individually named defendants to resolve representational issues, nor can this Office engage in any substantive communications with them out of concern that a conflict of interest may arise within this Office.

Further, until the investigation concludes, both parties will have limited access to any documents, recordings, or other information regarding the incident alleged in this case, or to any relevant materials generated by the DOC during the investigation, because they are protected from disclosure by the law enforcement privilege, which was created, *inter alia*, to "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation."  *Nat'l Congress for Puerto Rican Rights v. City of New York, et al.*, 99 Civ. 1694 (SAS), 2000 U.S. Dist. LEXIS 4448, **5-6 (S.D.N.Y. Apr. 7, 2000) (citing *In re Dep't of Investigation of the City of New York*, 856 F.2d 481, 484 (2d Cir. 1998)).  These same documents may also be protected from disclosure during the investigation's pendency by the deliberate process privilege.  *See Nat'l Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 356 (2d Cir. 2005) (noting that inter-agency or intra-agency documents that are both pre-decisional and deliberative may be subject to the deliberative process privilege) (internal citations and quotation marks omitted).  Consequently, should a stay be denied, and should this action therefore proceed concurrently with the DOC investigation, all parties will suffer from an informational deficit, and defendant City will be unable to effectively respond to plaintiff's Complaint, or proceed with discovery.

Finally, defendant City respectfully contends that, should the Court grant a stay in this action, any prejudice plaintiff incurs as a result will be minimal, and will be significantly diminished by the fact that the DOC is actively investigating his claims.  In fact, should a stay be

issued until the conclusion of the investigation, the relevant information will be compiled and presented in a way that will beneficially streamline discovery for all parties, including plaintiff.

For the reasons set forth above, defendant City respectfully requests that the Court grant a stay of the instant litigation until thirty (30) days after the conclusion of the DOC investigation. This will give this Office the time and opportunity needed to review facts necessary to making representational decisions and thoroughly investigating plaintiff's claims, and to avoid the prejudice risked by making those decisions prematurely.

Thank you for your consideration in this regard.

Respectfully submitted,

*Jessica C. Engle*  /S/
Jessica C. Engle
*Assistant Corporation Counsel*
*Special Federal Litigation Division*

cc:   **VIA ECF**
      Devon M. Radlin, Esq.
      *Attorney for Plaintiff*