UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

TYREICK GREY,

                                         Plaintiff,

                -against-

CITY OF NEW YORK, ET AL.,

                                      Defendants.

**STIPULATION AND PROTECTIVE ORDER**

20 CV 10666 (AKH)

------------------------------------------------------------------- x

       **WHEREAS**, plaintiff has sought certain documents and information from City defendants in this action;

       **WHEREAS**, City defendants deem this information and these documents confidential, private and/or subject to law enforcement and/or governmental privileges and/or other applicable privileges;

       **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

       **WHEREAS**, City defendants object to the production of those documents unless appropriate protection for their confidentiality is assured;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for plaintiff and City defendants as follows:

       1. As used herein, "Action" shall mean the pending action between plaintiff and City defendants captioned <u>Tyreick Grey v. City of New York, et al.</u>, 20 CV 10666.

       2. As used herein, without waiving any objections City defendants might seek to interpose regarding production of these documents, "Confidential Materials" shall mean:

1

(A) Department of Corrections ("DOC") personnel and employment history and records;

(B) DOC disciplinary-related records and information regarding the conduct of Corrections Officers of the DOC, including, but not limited to, investigations conducted by DOC and the New York City Department of Investigation;

(C) Names and addresses of non-party individuals/witnesses who have been identified and/or disclosed by City defendants to the extent such information is within City defendants' possession; and

(D) Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the City defendants or the Court.

3. The documents and information as defined in paragraph "2" shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by plaintiff from sources other than City defendants, or (b) are otherwise publicly available.

4. City defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to plaintiff's counsel. City defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

5. Any documents produced by a non-party pursuant to a subpoena in this Action and that are designated as Confidential Material by City defendants shall be governed by the terms of this Stipulation and Protective Order.

6. City defendants reserve the right to designate any document confidential pursuant to this agreement, if necessary, after production of such documents to the plaintiff.

7. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, and/or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of City defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

8. Notwithstanding the provisions of this Protective Order, if plaintiff, plaintiff's attorney or anyone on plaintiff's behalf ("plaintiff or plaintiff's representatives") make public representations, the substance of which concerns or is contained in the Confidential Materials, City defendants or defendants' attorneys may move the Court, on an expedited basis, for relief.

9. Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation, settlement or presentation of plaintiff's case in this Action.

10. If plaintiff objects to the designation of any particular document as Confidential Material, plaintiff shall state such objection in writing to City defendants, and the parties shall in good faith attempt to resolve such objection. If the objection cannot be resolved among the parties, plaintiff, within 30 days of the initial objection, may request that the Court remove the designation. Any such materials or information shall remain Confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

11. Plaintiff's counsel shall keep confidential for "attorney's eyes only" the personal and identifying information (including, but not limited to, social security number, date of birth, driver's license, address and telephone number) regarding non-DOC and/or civilian witnesses identified by the production of documents or otherwise identified in the course of this litigation. Such information shall be used only by the attorney or their law firm or agents for the purpose of communication with witnesses, or the service of subpoenas, and shall not be disclosed to plaintiff, their family members, or other persons, and such information shall not be included in documents publicly filed with the Court.

12. Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of his law office, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action, to those individuals described in subparagraph (b) below.

   b. Disclosure before trial may be made only to the plaintiff, to an expert who has been retained or specially employed by plaintiff's attorney in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

   c. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or settlement of this Action and not to further disclose

the Confidential Materials except in testimony taken in this Action. Plaintiff shall retain the signed consent and furnish a copy to City defendants' attorney upon request at a deposition or immediately before trial, although the name of an expert that plaintiff does not intend to call as a trial witness may be redacted from such consent before it is produced.

13. City defendants may designate deposition testimony as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and plaintiff, in writing, within 30 days after a deposition has concluded (during which time the entire deposition will be considered "Confidential"), of the specific pages and lines of the transcript that are to be designated "Confidential," in which event the parties receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by City defendants or their counsel.

14. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the district court in which the Action is filed and/or the Individual Rules of the judge to whom the papers are directed.

15. However, where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, plaintiff may file redacted documents without further order of the Court.

16. In addition, where reasonable advance notice is given by plaintiff and the parties agree in writing to the use of the confidential information in support of a motion for summary judgment or any other dispositive motion by plaintiff or at a trial on the merits in this matter, such information will not be subjected to the instant protective order. In the event that the Confidential Materials may be disclosed at a hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

17. This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by plaintiff, or anyone receiving confidential documents pursuant to paragraph 12 (subsection (b)) herein, for any purpose without prior Court approval.

18. This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

19. The terms of this Stipulation and Protective Order shall be binding upon all current and future parties to this Action and their counsel.

20. Nothing in this Stipulation and Protective Order shall be construed to limit City defendants' use of the Confidential Materials in any manner.

Dated: New York, New York
       June 21, 2021

DEVON M. RADLIN
*Attorney for Plaintiff*
112 W 34th Street, 18th Floor
New York, NY 10120

By: _____
    Devon Radlin

GEORGIA M. PESTANA
Acting Corporation Counsel of the
  City of New York
*Attorney for Defendants City, DOC, Walker,
  Brann, Villalona, and Farrell*
100 Church Street, 3rd Floor
New York, New York 10007

By: _____
    James Jimenez
    *Assistant Corporation Counsel*

SO ORDERED:

/s/ Alvin K. Hellerstein
Alvin K. Hellerstein
UNITED STATES DISTRICT JUDGE
6/22/21

_____
HON. ANDREW K. HELLERSTEIN
UNITED STATES MAGISTRATE JUDGE

Dated: _____, 2021

7

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Stipulation and Protective Order dated _____, 2021, entered into the action entitled <u>Tyreick Grey v. City of New York, et al.</u>, 20 Civ. 10666 (AKH), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____        Signature: _____

                                Print Name: _____

                                Occupation:_____